IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| MICHAEL DUANE STRAIN, | |
| Petitioner, | No. 19-CV-90 CJW |
| vs. | **ORDER** |
| JIM YON, | |
| Respondent. | |

This matter is before the Court pursuant to petitioner's pro se filing (Doc. 1) which the clerk's office filed as a 28 U.S.C. § 2254 habeas petition and names the Linn County, Iowa, Sheriff as the respondent.[1] Petitioner appears to be making some type of 'common law' claim that the government does not have authority to prosecute him.[2] *See Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (discussing Sovereign Citizen ideology), *United States v. Hart*, 545 F. Supp. 470, 474 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983) (discussing Common Law groups); *see also* Michelle Theret, *Sovereign Citizens: A Homegrown Terrorist Threat and Its Negative Impact on South Carolina*, 63 S.C. L. Rev. 853, 861 (2012). In his filing, petitioner states "[p]etitioner is a non-corporate live man and not subject to corporate rules, regulations or statutes . . ." Doc. 1 at 1.

To the extent petitioner is attempting to file a habeas petition pursuant to 28 U.S.C. § 2254, he failed to pay the required filing fee and the above captioned case is **dismissed**

---

[1] Petitioner appears to have named the incorrect Linn County Sheriff as the respondent.

[2] Petitioner is currently incarcerated and awaiting trial pursuant to a federal indictment. *See* 11-CR-2039 CJW.

without prejudice.  *See* 28 U.S.C. § 1914(a) (requiring $5.00 filing fee).[3]  The clerk's office is directed to note this denial on petitioner's criminal docket.

    **IT IS SO ORDERED** this 27th day of August, 2019.

                                                      _____
                                                      C.J. Williams
                                                      United States District Judge
                                                      Northern District of Iowa

---

[3] To the extent petitioner is moving to dismiss the indictment in his criminal case, he must file a motion in that case.  To the extent petitioner is attempting to file a motion pursuant to 28 U.S.C. § 2255, a habeas petition pursuant to 28 U.S.C. § 2241 or a claim for damages pursuant to 42 U.S.C. § 1983, his pro se filing is too vague to be properly construed by this Court.